UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| FOULGER-PRATT RESIDENTIAL CONTRACTING, LLC<br>9600 Blackwell Road, Suite 200<br>Rockville, MD 20850<br><br>and<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br>1 Tower Square<br>Hartford, CT 06183<br><br>    Applicants,<br><br>v.<br><br>MADRIGAL CONDOMINIUMS, LLC<br>c/o QDC Development Services<br>of Washington, LLC<br>1001 G Street, NW, Suite 700<br>Washington, DC 20001<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## APPLICATION TO CONFIRM ARBITRATION AWARD

Applicants, Foulger-Pratt Residential Contracting, LLC ("Foulger-Pratt") and Travelers Casualty and Surety Company of America ("Travelers") (collectively, "Applicants"), by and through their undersigned counsel, respectfully submit this Application to Confirm Arbitration Award and the accompanying proposed Order, pursuant to 9 U.S.C. § 9. Applicants move this honorable Court to enter a judgment incorporating the attached, binding "Interim Award" (Ex. A), issued by a three-member panel on November 30, 2009 after considering all of the evidence and argument submitted by the parties in an arbitration consisting of thirteen days of hearings.

## THE PARTIES

1. Foulger-Pratt is a limited liability company organized under the laws of the State of Maryland with its principal place of business located in Rockville, MD. Foulger-Pratt engages in the business of general construction contracting.

2. Travelers is a corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

3. Madrigal is a limited liability company organized under the laws of the State of Delaware. Madrigal conducts business in the District of Columbia as the developer of the Madrigal Lofts, a condominium building located at 811 4th Street, N.W.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that complete diversity exists among the parties and the amount of the Award the Applicants seek to confirm exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in the United States District Court for the District of Columbia under 28 U.S.C. § 1391(a).

## THE PARTIES' AGREEMENT TO ARBITRATE THEIR DISPUTES

6. The contract for construction (the "Contract") of the Madrigal Lofts condominiums (the "Project"), dated July 7, 2005, was executed by and between Madrigal as owner and Glen Construction Company ("Glen") as general contractor. In December 2007, Glen assigned the Contract to Foulger-Pratt, with Foulger-Pratt assuming the role of general contractor for the Project. Madrigal consented to the assignment.

7. The Contract consists of several documents, including but not limited to, the Agreement and General Conditions. Attached as Exhibit B are the cover page and signature pages of the Agreement, and the dispute resolution provisions found in the General Conditions.

8. Among the provisions of the General Conditions, the owner and contractor agreed to submit their claims and disputes with a value exceeding $100,000 to a three-member panel of arbitrators for resolution. See Ex. B., ¶ 4.4.1.

9. The Contract provides that an award by the arbitration panel shall be conclusively binding. Paragraph 4.4.1 of the General Conditions states, in part, that "[t]he award rendered by the arbitrator(s) shall be final, binding and conclusive on all parties involved, and judgment may be entered upon it in accordance with the applicable law in any court having jurisdiction thereof." See Ex. B., ¶ 4.4.1.

10. Stated in a similar manner within another relevant provision of the General Conditions, Paragraph 4.6.6 provides: "[t]he award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction hereof." See Ex. B., ¶ 4.6.6.

11. Between late 2007 and early 2009, several claims and disputes arose among the parties relating to the Contract and the Project. In an attempt to resolve these disputes, the partied engaged in a mediation over the course of several days in January 2009.

12. As a product of the mediation, the parties entered into a partial settlement agreement on February 2, 2009. Under Paragraph 11 of the Agreement of Partial Settlement ("APS"), the parties memorialized their agreement to submit their remaining disputes to arbitration. A copy of the APS is attached as Exhibit C.

**THE ARBITRATION AND THE AWARD**

13. Following the execution of the APS, a three-member arbitration panel was nominated and selected to resolve the parties' disputes in accordance with the procedures stated in Paragraph 4.4.1 of the General Conditions and Paragraph 11 of the APS. A panel consisting of Andrew D. Ness (as chair), Charles M. Asmar, and Judith B. Ittig was configured without any objection to their appointments.

14. Prior to commencement of hearings, Foulger-Pratt/Travelers and Madrigal each presented a statement of claims, a statement of defenses, and pre-hearing brief.

15. Hearings in the arbitration began on May 20, 2009. The parties submitted testimony and exhibits to the panel over the course of twelve days - May 20, 2009; May 26 - 27, 2009; June 1, 2009, July 14 - 15, 2009; and July 20 – 24 and 27, 2009. The panel also received post-hearing briefs on September 11, 2009 and heard closing argument on September 21, 2009. See Ex. A, p. 3.

16. Following the close of hearings, the panel twice requested, and in both instances received, the consent of the parties to extend the timeframe for issuance of an award. The panel's requests, and the parties' separate consents through counsel, are attached hereto as Exhibit D. The panel timely issued the Award on November 30, 2009. See Ex. A.

17. The Award provided, inter alia, that Madrigal is to pay to Foulger-Pratt $1,694,655 within 15 business days of the Award. See Ex. A., ¶ 16, p. 11. Madrigal is also obligated under the terms of the Award to deposit $1,113,000 into an interest-bearing escrow account to be established by the parties. Id.

18. The panel also made findings concerning Madrigal's alleged right to insist upon further performance by Foulger-Pratt. The panel concluded that Foulger-Pratt has either

4

satisfied, or is excused from performance of the obligations alleged by Madrigal (other than to cure stated deficiencies in special warranties). Further, the panel made rulings resolving disputed interpretations of the Contract. See Ex. A., ¶¶ 9, 14, and 17.

19. The monetary awards, conclusions and declarations of the panel as stated in the Award are binding and conclusive, per the terms of the Contract.

WHEREFORE, Applicants Foulger-Pratt and Travelers respectfully request that this Court enter an Order confirming the Award and enter judgment consistent with the findings and determinations of the arbitration panel, including: 1) the panel's award of payment to Foulger-Pratt in the amount of $1,694,655 on or before December 21, 2009; 2) the panel's direction to the Respondent that it must deposit $1,113,000 into an interest-bearing escrow account to be established by the parties; 3) the panel's interpretation of the Contract documents; and 4) the panel's rulings limiting Foulger-Pratt's remaining contractual obligations. In addition, the Applicants respectfully request that the Court award pre-judgment interest, costs, attorneys' fees and such further relief as the Court deems just and proper.

DATE: December 4, 2009                    Respectfully submitted,

*[signature]*

Richard G. Mann, Jr.
D.C. Bar No. 412675
Watt, Tieder, Hoffar & Fitzgerald, LLP
8405 Greensboro Drive, Suite 100
McLean, VA 22102
Phone: (703) 749-1000
Fax: (703) 893-8029
E-mail: rmann@wthf.com

Of Counsel:

Christopher J. Brasco
(not admitted in the District of Columbia)
Kathy O. Barnes
(D.C. Bar No. 432300)
Adam M. Tuckman
(not admitted in the District of Columbia)